IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MISSION 1ST GROUP, INC.,
    Plaintiff,

v.                                                                 Civil No. 1:23cv1682 (DJN)

MISSION FIRST SOLUTIONS, LLC,
    Defendant.

**MEMORANDUM ORDER**
**(Denying Motion to Seal)**

This matter comes before the Court on Plaintiff Mission1st Group, Inc.'s ("Plaintiff") Motion to Seal (ECF No. 115 ("Motion")), moving to maintain under seal its Supplemental Reply Brief in Support of its Motion for Summary Judgment (ECF No. 113), as well as Supplemental Declarations of Victoria Ortega and Richard R. Zareck II filed in support thereof (ECF Nos. 112, 114). Plaintiff filed its Motion at the request of Defendant Mission First Solutions, LLC ("Defendant"), alleging that Plaintiff's filings contain confidential information that must be shielded from public view. (ECF No. 117 ("Def.'s Resp.").) A proposed public version of the SEALED filings, in which portions of the SEALED filings are redacted, was filed concurrently with the Motion. (ECF Nos. 115-1, 115-2, 115-3). These proposed redactions seek to remove (1) contract and project names for bids placed by Plaintiff and Defendant, (2) the names of companies with whom both parties conducted, or sought to conduct, business with, and (3) the names of individuals at these companies.[1]

---

[1]     Upon review of the parties' filings, the Court notes that Plaintiff's filings contain exhibits that were already heavily redacted in their originally-filed form, (ECF Nos. 114-1 through 114-59), and that Defendants do not appear to seek additional redactions to these exhibits. Therefore, the only redactions that the Court evaluates as part of the instant Motion to Seal affect the

For the reasons set forth below, the Court DENIES Plaintiff's Motion to Seal (ECF No. 115). Defendant fails to establish a compelling interest sufficient to justify abrogating the public's right of access to these court documents under the First Amendment. As such, they must remain accessible to the public.

## I. BACKGROUND

This case stems from a trademark dispute between Plaintiff, who filed this civil action on January 8, 2023, and Defendant, who denies liability under any of Plaintiff's asserted claims. The parties filed cross-motions for summary judgment on October 21, 2024, (ECF Nos. 44, 45), and the Court ordered supplemental briefing concerning Plaintiff's Motion for Summary Judgment following multiple discovery disputes and the involvement of a Special Master. (ECF No. 70.) Plaintiff recently filed its Supplemental Reply Brief in Support of Motion for Summary Judgment (ECF No. 113), along with two declarations (ECF Nos. 112, 114). Following the docketing of these materials, Plaintiff filed the instant Motion to Seal (ECF No. 115), in which it sought to seal the aforementioned filings and proposed redacted versions in their place. (ECF Nos. 115-1, 115-2, 115-3.) Defendant filed a Response (ECF No. 117), in which it addressed the Court's February 19, 2025 Order directing Defendant to discuss the First Amendment standard for sealing documents submitted with motions for summary judgment. (ECF No. 116.) No objections or other responses were filed within the period provided under Local Civil Rule 5, rendering Plaintiff's Motion ripe for the Court's review.

---

declarations by Richard Zadeck (ECF No. 112) and Victoria Ortega (ECF No. 114), as well as Plaintiff's Supplemental Reply Brief (ECF No. 113), but not any of the aforementioned exhibits.

## II. LEGAL STANDARD

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil . . . proceedings." *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 170–71 (4th Cir. 2024). That right "derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The distinction between these rights of access is "significant," because "the common law does not afford as much substantive protection to the interests of . . . the public as does the First Amendment." *Id.*

As the Fourth Circuit recently held, "the public has a presumptive First Amendment right to access document submitted in connection with" summary judgment proceedings. *Oberg*, 105 F.4th at 173. Where First Amendment interests are implicated, district courts may restrict access to court documents only "on the basis of a compelling government interest [or in limited circumstances, a compelling private interest], and only if the denial is narrowly tailored to serve that interest." *Va. Dep't. of State Police*, 386 F.3d at 575; *see Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. 2009) ("[E]ven in cases in which non-governmental parties [] assert only countervailing private interests, several courts have also recognized that, in limited circumstances, certain such private interests might also implicate higher values sufficient to override . . . the First Amendment presumption of public access."). The burden to overcome a First Amendment right of access rests on the party seeking to restrict access; that party must present specific reasons in support of its position. *Va. Dept. of State Police*, 386 F.3d at 575.

3

### III.   ANALYSIS

When considering whether to grant Plaintiff's Motion to Seal, the Court must consider two questions: first, whether the public's right to access the materials in question "arises from the First Amendment or the common law," and second, whether the public's right to access under the appropriate framework outweighs the parties' interests in sealing it. *United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020). As to the first question, the Court finds that the materials here fall squarely within the First Amendment's scope. The parties seek a partial seal of Plaintiff's Supplemental Reply Brief *in Support of its Motion for Summary Judgment* (ECF No. 113 (emphasis added)), as well as two supplemental declarations in support of that brief. (ECF Nos. 112, 114.) Under the Fourth Circuit's opinion in *Oberg*, the public enjoys a "presumptive First Amendment right" to access such materials — a fact that neither party disputes. *Oberg*, 105 F.4th at 173.

The Court therefore proceeds to address the second question: whether the Motion to Seal passes First Amendment muster. In seeking to meet its burden to restrict access, as necessary to prevail on this Motion, Defendant[2] argues that redacted versions of Plaintiff's filings satisfy the public's right to access, because the materials in their unredacted form "contain Defendant's commercially-sensitive information." (Def.'s Resp. at 2.) According to Defendant, disclosure of this information would cause "irreparable harm" to its operations. (*Id.*) Defendant's proposed

---

[2]   While Plaintiff technically constitutes the moving party for this Motion, where "a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion complying with requirements [around providing statements why sealing is necessary and references to the governing case law]." E.D. Va. Civ. R. 5(C). In light of Defendant's designation of the relevant materials, and in accordance with Local Civil Rule 5, the Court finds that Defendant constitutes "the party seeking to restrict access" and therefore bears the burden to overcome the First Amendment right of access in this case. *Va. Dep't of State Police*, 386 F.3d at 575.

redactions, by contrast, provide the public not just with the information to which it stands entitled under the First Amendment, but actually grant "more than sufficient access" to the substance of these filings. (*Id.* at 4.) In other words, the relief that Defendant requests "is narrowly tailored to appropriately balance Defendant's legitimate concerns with any presumptive public interest." (*Id.* at 5.) Defendant also cites case law in support of his argument that the stringent First Amendment standard expressly countenances sealing "commercially sensitive information" of the kind that Defendant seeks to redact. (ECF No. 117 at 4–6 (citing *Oberg*, 105 F.4th at 171 n.8; *Logenix International, L.L.C. v. Hensler*, 2024 WL 4580419, at *2 (E.D. Va. Aug. 19, 2024); *Nallapaty v. Nallapati*, 2022 WL 16984479, at *5 (E.D.N.C. Nov. 15, 2022); *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, at *5 (E.D. Va. Aug. 15, 2019).)

      Defendant falls short of meeting this burden, both on the law and the facts. As to the law, Defendant fails to present adequate legal support for his proposition that protecting commercially-sensitive business information of the kind in question here constitutes a sufficiently compelling interest to overcome the First Amendment right of public access to summary judgment material. Defendant cites a footnote in *Oberg*, which in turn cites *Doe v. Pub. Citizen*, 749 F.3d 246 (4th Cir. 2014), for the proposition that the Fourth Circuit "suggested that protecting a corporation's confidentiality interest . . . could justify the partial sealing of court records." *Oberg*, 105 F.4th at 171 n.8. *Doe*, in turn, cites *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), as its support for this potential justification — a case that invokes the *common law* standard for public access, not the First Amendment standard. *See Nixon*, 435 U.S. at 612 (Marshall, J., dissenting) ("[R]espondents here are seeking to vindicate a precious common law right, one that predates the Constitution itself." (cleaned up)). Defendant's

5

invocation of *Oberg*'s footnote therefore does not help him establish that confidential information of the type that he seeks to seal warrants sealing under the First Amendment standard; its hypothetical formulation rests, at bottom, on inapposite jurisprudence without connection to the First Amendment.

Defendant's invocation of United States Magistrate Judge Fitzpatrick's opinion in *Logenix International, L.L.C. v. Hensler*, 2024 WL 4580419 (E.D. Va. Aug. 19, 2024), also fails to support Defendant's position. Judge Fitzpatrick stated that, under the First Amendment standard, "the Fourth Circuit will seal judicial records where the sealing-movant seeks to protect confidential business information and trade secrets." *Id.* at *1. The opinion rests on two cases in support of this pronouncement, neither of which proves apposite to Defendant's case: *Woven Elecs. Corp. v. Advance Grp., Inc.*, 930 F.2d 913 (4th Cir. 1991), whose discussion of the First Amendment public right of access centers squarely on trade secrets (which are not in play here), and *Nixon*, which, as already discussed, implicates only the common law right of public access, not the First Amendment standard. In light of this foundation, the Court declines to defer to this formulation of the Fourth Circuit's approach to confidential business information under the First Amendment standard in this matter.

Defendant's citation of *Nallapaty v. Nallapati*, 2022 WL 16984479 (E.D.N.C. Nov. 15, 2022) proves equally unhelpful. There, the Eastern District of North Carolina set forth that "[c]onfidential business records have often been recognized as sufficient to outweigh the right to public access." *Id.* at *5. This statement formed part of the court's discussion of a motion to seal a memorandum in support of a motion to compel, which was not filed in conjunction with summary judgment proceedings, and therefore did not trigger First Amendment protections. *Id.*

6

Where, as here, the First Amendment standard remains in play, Defendant's invocation of an out-of-district description of the *common law* standard fails to lend support to his arguments.

Finally, Defendant invokes *BASF Plant Science, LP v. Commonwealth Scientific & Industrial Research Organisation*, 2019 WL 8108115 (E.D. Va. Aug. 15, 2019). There, Judge Morgan granted a motion to seal portions of pleadings under the First Amendment standard, including sections that "describe[d] confidential business information" and constituted "sensitive commercial information." *Id.* at *5. The documents in question concerned a patent-coownership agreement implicating complicated and sensitive intellectual property issues. *Id.* As such, to the extent that Defendant argues that his redactions of the names of business contacts stand analogous to the "sensitive" information underpinning a patent-coownership agreement, the Court disagrees and finds *BASF*'s approach easily distinguishable on its facts.[3]

Lacking legal support, Defendant must try to establish that its facts, on their own, demonstrate a sufficiently compelling interest that warrants abrogating the public right to access these documents under the First Amendment. Defendant's arguments again fall well short. To be clear, this Motion to Seal concerns *additional* redactions beyond the ones included in Plaintiff's original (now sealed) filings to this Court. These additional redactions, as discussed above, concern almost exclusively the names of contract partners and collaborators, not the financial details of contract offers or other transactional information of such a nature that already stand redacted in the original filings. As such, the Court remains unpersuaded of the compelling interest underpinning these redactions, for several reasons. First, the Court notes that many of

---

[3] Notably, while Judge Morgan did not cite Fourth Circuit authority for his decision to grant the motions to seal, he did emphasize that to satisfy the First Amendment standard, a motion to seal needs to demonstrate that sealing must be "essential" to preserving "important, higher interests." *BASF*, 2019 WL 8108115 at *2.

the emails and documents in question are several years old and concern government contracts that, under law, would have been publicly advertised to prospective bidders. Defendant's conclusory arguments that it will suffer "irreparable harm" from its competitors,[4] who would allegedly "target and/or seek to exploit" those past relationships and "potentially harm[] or jeopardize[e] the ongoing viability of Defendant's business" stand unsupported by the documents themselves. (ECF No. 117 at 6.) Defendant also claims that the information that it seeks to redact "hold[s] significant value and strategic importance," but provides no specifics to substantiate this assertion. (*Id.*) Similarly, Defendant argues that "competitors could easily and effectively undercut or otherwise interfere" with Defendant's business based on the "specifics of Defendant's contracts and proposals," but fails to explain how or why this would happen, given the public nature of government contract bid requests and the extensive redactions already present in Plaintiff's original filings, which eliminate virtually all such "specifics." (*Id.*) Defendant's conclusory and unsubstantiated claims of harm fail to convince the Court that these proposed redactions serve an important interest, let alone a compelling one. And while the Court agrees with Defendant's assertion that its request to seal is narrowly tailored, based on the limited additional redactions that it seeks, that fails to satisfy the First Amendment absent a compelling interest.

---

[4] The Court notes that Defendant's invocation of Plaintiff as a competitor for purposes of this briefing stands in stark contrast to his earlier assertions, in other filings, to the contrary. (*Compare* ECF No. 117 at 4 ("[D]isclosure of Defendant's confidential, commercially-sensitive information (*particularly to Plaintiff, a "direct competitor[]"*) is likely to irreparably harm Defendant's business and prospects." (emphasis added)), *with* ECF No. 51 ¶ 8 (asserting that Plaintiff and Defendant "do not compete in overlapping markets"); *see also id.* at 19 (stating that "the parties do not compete in a similar manner in overlapping markets"); *id.* (stating that "the parties occupy separate platforms or facilities and do not both compete for the same classified contracts").)

### IV.   CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Seal.  (ECF No. 115.)  The Court ORDERS the Clerk to remove the seal from ECF Nos. 112–114.

Let the Clerk file this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated:  March 19, 2025